# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| FRANK JOSEPH SCHWINDLER, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV416-189 |
| | ) | |
| AHMED HOLT, Warden, | ) | |
| Respondent. | ) | |

## ORDER

After the Northern District of Georgia transferred Frank Joseph Schwindler's 28 U.S.C. § 2254 petition to this Court (he was convicted of child molestation and other crimes in this district), docs. 5 & 6, Schwindler moved to transfer his case back to the Northern District, where he still has 42 U.S.C. § 1983 litigation against the Georgia Department of Corrections over its alleged interference with his habeas litigation rights.[1] Doc. 8. Given that claim, the Court directed the State

---

[1] *See Schwindler v. Comm'r, Georgia Dept. of Corr.*, 605 F. App'x 971, 972-73 (11th Cir. 2015) ("Schwindler's access-to-the-courts claim is based on his allegation that the various prisons in which he has been incarcerated have continuously denied him access to his legal files, thereby frustrating his ability to seek post-conviction relief. He also alleges that the Georgia Department of Corrections tortiously deprived

1

to respond. *Schwindler v. Holt*, 2016 WL 6824447 at * 1 (S.D. Ga. Nov. 18, 2016). It "does not oppose the motion to transfer this case to the Northern District of Georgia so that the case may be assigned to the judge who is presiding in [Schwinder's] § 1983 case." Doc. 13 at 4.

Accordingly, the Court **GRANTS** Schwinder's unopposed motion to transfer this case. Doc. 8. The Clerk is **DIRECTED** to transfer this case to the Northern District of Georgia and send a copy of this Order to the Honorable Timothy C. Batten, Sr. to facilitate specific assignment.

**SO ORDERED**, this 25th day of January, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

plaintiff of between 40 and 60 percent of plaintiff's legal files and materials without due process. In other words, a number of his legal files have gone missing. . . . We find that Schwindler has created a material issue of fact as to whether there is an ongoing violation of his right to access the courts. We reverse the judgment of the district court and remand for further proceedings."); *Schwindler v. Bryson*, 111CV1276-TCB, doc. 169 at 6 (N.D. Ga. Oct. 26, 2016) (denying Bryson's motion to dismiss for lack of subject matter jurisdiction; "the question is not simply whether Schwindler has access to the existing files, but whether the [Georgia Department of Correction's] restrictions on his access impede his pursuit of habeas relief in a harmful way.").

2