**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **FRANK JOSEPH SCHWINDLER,** | : | **PRISONER HABEAS CORPUS** |
| **Petitioner,** | : | **28 U.S.C. § 2254** |
| | : | |
| **v.** | : | |
| | : | |
| **AHMED HOLT, Warden,** | : | **CIVIL ACTION NO.** |
| **Respondent.** | : | **1:16-CV-1845-TCB-AJB** |

**O R D E R**

Petitioner, Frank Joseph Schwindler, who is confined within the Northern District of Georgia, challenges via 28 U.S.C. § 2254 his March 10, 2000, Chatham County convictions, No. 99-cr-0869-KA.[1] The matter is before the Court on the

---

[1] Although venue lies in both the district of conviction and confinement, the federal district courts within Georgia normally transfer a habeas petition to the district of conviction, and this action was transferred to the United States District Court for the Southern District of Georgia. *See* 28 U.S.C. § 2241(d); (Order Transferring Action, ECF No. 5.) After the transfer to the Southern District, Petitioner moved that the action be transferred back to this Court. (Mot. to Transfer, ECF No. 8.) Respondent and Petitioner both agreed that the interests of judicial economy were better served by allowing the instant petition to proceed in this Court in light of Petitioner's civil action which currently is pending in this Court, No. 1:11-cv-1276-TCB. (*Id.*; Resp. to Mot. to Transfer, ECF No. 13.) Accordingly, the Magistrate Judge presiding in the United States District Court for the Southern District of Georgia granted the motion to transfer back to this Court. (Order Granting Mot. to Transfer, ECF No. 14.) Venue is proper under § 2241(d), and based on the parties' agreement the matter shall proceed.

Petition, [Doc. 1]; Petitioner's affidavit, [Doc. 2], construed as a motion to proceed *in forma pauperis*; and Petitioner's motion to appoint counsel, [Doc. 3].

Petitioner seeks to file his action without prepayment of the $5.00 filing fee that is required for a federal habeas corpus petition. (Aff., ECF No. 2.) A prison official certifies that Petitioner's inmate account has a $10.00 current balance and has had a $10.00 average monthly balance and a $0.00 average monthly deposit for the preceding six months. (*Id.*) Petitioner's prison account statement shows a current spendable balance of $0.00. (*Id.*, Attach.) Petitioner currently has insufficient funds in his prisoner account to pay a filing fee and is entitled to *in forma pauperis* status.

Petitioner asks that counsel be appointed because he has experienced difficulty obtaining a complete record in his state habeas action, he has law library access for "a very limited time each week," and his case is "extraordinarily complex and convoluted." (Mot. to Appoint Counsel at 5, 7, ECF No. 3.) By statute, the Court may appoint counsel, in the interest of justice, for financially eligible persons in federal habeas corpus proceedings. 18 U.S.C. § 3006A(a)(2)(B). However, "there is no federal constitutional right to counsel in postconviction proceedings." *Barbour v. Haley*, 471 F.3d 1222, 1227 (11th Cir. 2006). "[F]ederal courts generally appoint counsel in post-conviction proceedings only after a petition for post-conviction relief

AO 72A (Rev.8/82)

passes initial evaluation and the court has determined that the issues presented call for an evidentiary hearing[.]" *Shepherd v. United States*, 253 F.3d 585, 587 (11th Cir. 2001) (citing *Johnson v. Avery*, 393 U.S. 483, 487-88 (1969)). The motion to appoint counsel and Petitioner's pleadings show that he is able to present his interests to the Court at this time. The Court *sua sponte* will reconsider the matter if it appears necessary after Respondent has filed a response and Petitioner has received an opportunity to file a reply.

Accordingly,

**IT IS ORDERED** that Petitioner's request to proceed *in forma pauperis*, [Doc. 2], is **GRANTED**.

**IT IS ORDERED** that Petitioner's motion to appoint counsel, [Doc. 3], is **DENIED**, without prejudice. If the Court later determines that Petitioner requires appointed counsel, it will *sua sponte* reconsider Petitioner's request.

**IT IS ORDERED** that the Clerk transmit a copy of the petition and this Order by certified mail to Respondent and the Attorney General of the State of Georgia.

**IT IS FURTHER ORDERED** that Respondent shall show cause within thirty (30) days of the receipt of this Order why the writ should not be granted. In connection therewith, Respondent shall transmit to this Court such pleadings, transcripts, and

AO 72A
(Rev.8/82)

decisions as are available and required to determine the issues raised.[2] As part of the response, Respondent should "state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." Rule 5, Rules Governing Section 2254 Cases in the United States District Courts.

Respondent is **INSTRUCTED** to serve Petitioner with copies of the exhibits.

Petitioner is **DIRECTED** that, if he wishes to file a reply to Respondent's response, he must file his reply within twenty (20) days of his receipt of Respondent's response. Petitioner is **ADVISED** that during the pendency of his case he must keep the Clerk of Court advised of his address at all times and that his failure to do so may result in dismissal of his petition.

The Clerk of Court is **DIRECTED TO RESUBMIT** this action to the assigned Magistrate Judge within twenty days of Respondent filing a response or, if Respondent fails to file a response, at the expiration of his time for doing so.

---

[2] Each exhibit must be filed as a separate attachment, with the exception that any exhibit that is greater than 15 MB should be filed as separate attachments of 15 MB or less. A lengthy exhibit that must be filed in more than one attachment should not be mixed with other exhibits. *See* LR, NDGa., Appendix H, Exh. A. IV. A. 1. and B. Each exhibit must be numbered consecutively within that exhibit. *See* LR 5.1 E., NDGa. Respondent should file multiple trial-transcript volumes such that each volume begins in a new attachment and does not begin in the middle of an attachment.

**IT IS SO ORDERED**, this __2d__ day of February, 2017.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)