# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By tblanchard at 2:04 pm, Mar 27, 2018

| | |
|---|---|
| FRANK JOSEPH SCHWINDLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.        ) | CV416-189 |
| ) | |
| AHMED HOLT, Warden ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner Frank Joseph Schwindler seeks to have his state-court conviction for, among other crimes, child molestation, vacated. *See* doc. 1. Respondent Warden Holt argues Schwindler's petition should be dismissed because he has failed to exhaust his available state remedies. Doc. 20. The petition was transferred, upon the parties' consent, from this Court to the United States District Court for the Northern District of Georgia so that it could be considered alongside petitioner's 42 U.S.C. § 1983 action concerning documents purportedly relevant to the petition. Doc. 14. That case has since been resolved, and petitioner voluntarily dismissed it with prejudice. *See* doc. 42 at 3 n. 2 ("A review of the docket

1

in *Schwindler v. Dozier*, No. 1:11-cv-1276-TCB (N.D. Ga. May 18, 2017), [petitioner's § 1983 action] shows that the action has been voluntarily dismissed with prejudice."). In the interest of judicial economy and pursuant to the long-standing practice of the United States District Courts in Georgia, the Northern District transferred the petition back to this Court, over petitioner's objection. *See* doc. 45 (Order adopting Magistrate Judge's transfer recommendation after *de novo* review). Since petitioner responded in opposition to respondent's dismissal motion while the case was pending before the Northern District, that motion is now ripe for adjudication. *See* doc. 37.

"Ordinarily, before bringing a § 2254 habeas action in federal court, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1)(A), (c). However, the exhaustion requirement is not jurisdictional and may be excused 'if the state has unreasonably or without explanation failed to address petitions for relief.'" *Keinz v. Crosby,* 2006 WL 408686 at * 2 (11th Cir. Feb. 23, 2006) (quoting *Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991)).

2

Petitioner contends that he should be excused from the exhaustion requirement because of the extraordinary delay (14 years) in the state courts' resolution of his state habeas petition.  *See* doc. 37 at 98 (arguing "[i]nexcusable or inordinate delay by the state in processing claims for relief may render [a] state remedy effectively unavailable . . . ." (citing *Lee v. Strickman*, 357 F.3d 338 (3d Cir. 2004)).  Since petitioner responded the state habeas court has denied his petition, and he is currently pursuing an appeal of that denial before the Georgia Supreme Court.  *See* doc. 40 at 6-58 (state habeas court Order denying petition); doc. 45 at 2 n. 1 (noting that petitioner's application for appellate review was pending before the Georgia Supreme Court); *see also Schwindler v. Holt*, No. S18H0077, *available at* https://scweb.gasupreme.org:8088/results_one_record.php?caseNumber=S18H0077 (last visited March 27, 2018).

Petitioner does not dispute that his state habeas petition was decided, nor that his appeal is being considered by the Georgia Supreme Court.  *See* doc. 44 at 7.  He nevertheless contends that "the process by which [state habeas] relief was denied is still . . . inadequate . . . ."  *Id.*  The rationale for requiring state prisoners to exhaust their state remedies

3

before pursuing federal habeas relief is that it "reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overruling a state-court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance."  *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quotes, alterations, and cite omitted).  That rationale requires that a state prisoner "properly" present his claims "through one complete round of the State's established appellate review process."  *Id.* (quotes and cite omitted).

Petitioner concedes that he has not presented his objections "through one complete round" of Georgia's available appellate review process.  He also identifies no fact suggesting that any of the procedural defects he contends interfered with his presentation to the lower court will interfere with the Georgia Supreme Court's review.  *See generally* doc. 44.  The Court, therefore, sees no reason to derail the established process for appellate review by the Georgia Supreme Court.

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow

exhaustion." *Reedman v. Thomas*, 305 F. App'x 544, 546 (11th Cir. 2008). However, the Court has discretion to stay and hold the case in abeyance pending the exhaustion of state remedies where the petition presents a "mix" of exhausted and unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."). Respondent concedes that the petition presents both exhausted and unexhausted claims and does not contend that petitioner has been dilatory. *See, e.g.,* doc. 20 at 7 (noting "[i]n his state habeas corpus petition, Petitioner is currently pursuing *many* of the same claims he has raised in this Court." (emphasis added)); *id.* at 8 (noting that the "vast majority" of issues presented in state petition overlap with grounds presented in federal petition).

In applying *Rhines*, neither the Supreme Court nor the Eleventh Circuit have specifically defined "good cause." *See Dean v. Williams*,

5

2016 WL 6871257 at * 7 (S.D. Ga. Nov. 21, 2016). Other courts within the Eleventh Circuit have taken a liberal view of "good cause," finding the requirement met where the failure to exhaust was not attributable to the petitioner. *Id*. Here, petitioner's state habeas claim remained pending for more than a decade. Doc. 37 at 3. Petitioner (not unreasonably) attests that the glacial pace "render[ed] such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B)(ii); doc. 37 at 6-8. His state habeas petition was only decided after he filed *this* petition in federal court. *See* doc. 39 at 2. Although that decision eliminated the practical impediments to the protection of his rights through the state system, the Court finds that the delay constituted good cause for his seeking federal review of his unexhausted claims.

Despite constituting good cause for his failure to exhaust his state remedies, however, there appears to be no further obstacle to his exhausting the state process. Whether to dismiss this case or stay it, therefore, turns on whether his unexhausted claims are meritless. *See Rhines*, 544 U.S. at 277-78; *see also Thompson v. Sec'y for Dep't of Corr.*, 425 F.3d 1364, 1365-66 (11th Cir. 2005). To determine whether the

unexhausted claims have potential merit, the Court accepts the allegations of the petition as true and considers whether they state a colorable claim for relief.  *Dean*, 2016 WL 6871257 at * 7 (citing *Cueto v. McNeil*, 2010 WL 1258065 at * 16-17 (S.D. Fla. Mar. 12, 2010) (to determine "whether Petitioner's unexhausted claims are 'potentially meritorious,' a court does not weigh or even consider the evidence in the case," but "simply accepts the Petitioner's allegations as true," and evaluates whether the facts would warrant that the petition be granted, and collecting cases)).  Here, respondent does not challenge that petitioner's allegations, if true, would entitle him to habeas relief.  *See* doc. 39 at 4, ¶ 6 (requesting, in the alternative, that petition be held in abeyance).

Accordingly, the Court should **DENY** respondent's motion to dismiss, and **GRANT** his request, in the alternative, that this action be **STAYED** and **HELD IN ABEYANCE** while petitioner exhausts his state remedies.  Within thirty days of the conclusion of the state court proceedings, petitioner must file an Amended Petition asserting those grounds for relief he wishes to pursue, if any.  Failure to submit an

7

Amended Petition within that period may result in a recommendation of dismissal.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.   11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 27th day of March, 2018.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA