IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FRANK JOSEPH SCHWINDLER,     )
                              )
     Petitioner,              )
                              )
v.                            )      CASE NOS. CV416-189
                              )
P.O. AHMED HOLT, Warden,      )
                              )
     Respondent.              )
                              )

## O R D E R

Before the Court is Petitioner Frank Joseph Schwindler's Verified Rule 60 Motion. (Doc. 51.) In the motion, Petitioner seeks to have the Court "cause a copy of the Magistrate Judge's Report and Recommendation adopted by the Court to be served on Petitioner, and allowing the standard time for filing of objections," or, in the alternative, "accept Petitioner's previously filed objections to the Northern District's Magistrate Judge's Report and Recommendation and enter an order: (a) excusing exhaustion of state remedies—appointing counsel, and proceeding to a hearing upon the merits, and (b) transferring the case back to the Northern District of Georgia." (Doc. 51 at 4.)

On January 24, 2017, this petition was transferred to the United Stated District Court for the Northern District of Georgia because Petitioner had an ongoing 42 U.S.C. § 1983

litigation against the Georgia Department of Corrections over its alleged interference with his habeas litigation rights. (Doc. 14 at 1-2.) However, that § 1983 litigation was resolved and Magistrate Judge Baverman on the United Stated District Court for the Northern District of Georgia issued a report and recommendation recommending that the petition be transferred back to the United States District Court for the Southern District of Georgia. (Doc. 42.) Petitioner objected to the report and recommendation. (Doc. 44.) The report and recommendation was adopted over the objections of Petitioner and the case was transferred back to the Southern District. (Doc. 45). Numerous motions were filed while the petition was in the Northern District, including Respondent's Motion to Dismiss (Doc. 20) and Supplemental Motion to Dismiss (Doc. 39), both of which remained pending when the petition was transferred back to the Southern District of Georgia. On review in the Southern District, Magistrate Judge Smith recommended that Respondent's Motion to Dismiss be denied but that the Court grant Respondent's request to stay the case and hold the petition in abeyance while Petitioner exhausts his state remedies. (Doc. 49 at 7.) This Court adopted the report and recommendation on May 4, 2018. (Doc. 50 at 1.)

In his Rule 60 motion, Petitioner claims that he has not been served with Magistrate Judge Smith's Report and

2

Recommendation (Doc. 49) and was therefore unable to file objections. Petitioner has included the objections he filed to the Magistrate Judge Baverman's Report and Recommendation (Doc. 42) and urges this Court to set aside its previous order in light of his previously filed objections to Magistrate Judge Baverman's report and recommendation. (Id. at 4.)

Rule 60(b) permits the Court to relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). After a careful review of Petitioner's motion and the record in this case, the Court concludes that Petitioner is not entitled to relief. Magistrate Judge Smith's report and recommendation specifically addressed the arguments that Petitioner raised in his prior objections, namely, that his failure to exhaust his available state remedies should be excused and that the action should not be dismissed or held in abeyance. (Doc. 49 at 2-7.) In fact, the report and

recommendation cites to Petitioner's prior objections when discussing Petitioner's argument that his failure to exhaust state remedies should be excused. (Doc. 49 at 3 (citing Doc. 44).) Petitioner has not raised any new arguments in his motion and has only attached for this Court's consideration the objections that were previously filed and considered by Magistrate Judge Smith. The Court finds no basis for relief under Federal Rule of Civil Procedure 60(b).

Accordingly, Petitioner's motion (Doc. 51) is **DENIED**. Pursuant to the Magistrate Judge's Report and Recommendation (Doc. 49) and this Court's Order adopting the report and recommendation (Doc. 50), this case remains stayed until Petitioner has exhausted his state remedies. Petitioner **SHALL** file an amended petition asserting those grounds for relief he wishes to pursue within thirty days of the conclusion of the state court proceedings.

SO ORDERED this 1st day of April 2019.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA