UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| FRANK JOSEPH SCHWINDLER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>P.O. AHMED HOLT, Warden, )<br>)<br>Respondent. ) | CV416-189 |

## ORDER

*Pro se* petitioner Frank Joseph Schwindler has moved the Court to appoint counsel to represent him in this 28 U.S.C. § 2254 proceeding. *See* doc. 79. Schwindler's motion principally contends that the prison is failing to provide, if not positively obstructing, his access to materials he contends are necessary for his preparation of any reply to the Respondent's opposition to his petition. *See generally* docs. 79 & 83. Respondent disputes that his conduct has deprived petitioner of due process, but concedes that appointing counsel "would serve the best interests of everyone and allow the parties to focus their attention on the habeas corpus issues, and not collateral matters." Doc. 81 at 2-3. On October 28, 2021, the Court held a hearing on the motion. Doc. 85.

1

Based on the parties' representations at the hearing, the Court was able to sharpen its understanding of the dispute. Petitioner's Motion referred, somewhat confusingly, to various documents that he contended were inaccessible. *See* doc. 79 at 2-3. The Motion refers to electronic copies of the record of Petitioner's trial and state habeas proceedings. *Id.* At the hearing, Petitioner expanded upon his objection. He explained that Respondent has provided *both* physical and electronic copies of various portions of the records. However, he contends that, given the restrictions on his possession of and access to the physical documents, he is unable to effectively prepare his reply. He also conceded that the electronic media containing portions of the record were in the possession of prison personnel, but that he is not afforded access to any device capable of reading them.

In addition to the issues with his access to the record, Petitioner also objected to the apparent loss of materials related to a prosecution in Alabama predating the Georgia conviction at issue here. At the hearing, he contended that those records are relevant to his argument that he was provided with ineffective assistance of counsel. He further explained that those records were not part of either the trial court record or the

2

state habeas record. Instead, they were produced pursuant to a negotiated resolution to a 42 U.S.C. § 1983 action, which was prosecuted in the United States District Court for the Northern District of Georgia. *Cf. Schwindler v. Bryson*, 1:11CV1276-TCB, doc. 1 (N.D. Ga. April 19, 2011) (alleging, among other claims, that Georgia Department of Corrections officials deprived Schwindler of his legal files), doc. 184 (N.D. Ga. April 18, 2017) (voluntarily dismissing case). At the hearing, counsel for the Respondent suggested that she believed at least a portion of those materials remained, in electronic format, in the possession of prison staff.

Finally, Petitioner argued that he has been denied effective access to legal research materials. He stated that prison officials had informed him that he would be permitted access to the prison law library for approximately three hours per week. Despite those assurances, he has not been provided any access to the prison law library since he was directed to reply to Respondent's pleading, in June. He conceded that prison officials have not been obstructing his access to the law library, but that staffing shortages and the impact of the COVID-19 pandemic had precluded such access.

There is no automatic constitutional right to counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Under 28 U.S.C. § 2254(h) and Rule 8(c) of the Rules Governing Section 2254 Cases (mandating appointment of counsel pursuant to 18 U.S.C. § 3006A when an evidentiary hearing is warranted), the Court has authority to appoint counsel in habeas corpus proceedings brought pursuant to 28 U.S.C. § 2254. However, such requests are discretionary with the courts, and appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)). Moreover, it is well settled that "[i]n a habeas corpus action in federal court[,] there is no requirement that counsel be appointed unless appointment of counsel is necessary to due process." *Norris v. Wainwright*, 588 F.2d 130, 133 (5th Cir. 1979) (cites omitted). Petitioner does not identify, and the Court does not find, any exceptional circumstances that merit appointment of counsel. Despite Respondent's concession that the appointment of counsel might "serve the best interests of everyone," doc. 81 at 3, the Court is simply not satisfied, at

4

this time, that it is appropriate to appoint counsel for Petitioner. His motion is, therefore, **DENIED**. Doc. 79.

Despite the Court's conclusion that appointment of counsel to represent Schwindler is not appropriate, the Court is concerned that the circumstances of the COVID-19 pandemic and issues with the prison facilities provided for access to the record and legal research materials may not comport with due process. At the hearing, Counsel for the Respondent was unable to provide detailed information concerning the policies and procedures in place at the prison related to Schwindler's ability to access these materials. In order to ensure that the Court has a complete understanding of the scope and implications of the impediments Petitioner faces, it will rely on an *amicus curiae*.

As another court in this Circuit has explained:

> An amicus is a 'friend of the court.' *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 n. 34 (11th Cir. 2006). Although there is no formal rule governing the filing of amicus curiae briefs, district courts possess the inherent authority to grant or refuse leave to amicus parties. *Id.* Courts typically grant amicus status where the parties 'contribute to the court's understanding of the matter in question' by proffering timely and useful information. *Conservancy of Southwest Florida v. U.S. Fish and Wildlife Serv.*, . . . , 2010 WL 3603276 at * 1 (M.D. Fla. Sept. 9, 2010) (citing *Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir. 1987)).

*Georgia Aquarium, Inc. v. Pritzker*, 135 F. Supp. 3d 1280, 1288-89 (N.D. Ga. 2015); *see also, e.g., United States v. 324 Automotive Grilles*, 2019 WL 11544480, at * 4 (S.D. Ga. Mar. 25, 2019) ("District courts have inherent authority to grant leave to appear as an *amicus curiae* at the discretion of the court." (citations omitted)). Despite participation in the proceedings, "[a]n *amicus curiae* is not a party to the litigation, . . ., and therefore does not necessarily represent the views and interests of either party." *Alexander v. Hall*, 64 F.R.D. 152, 155 (D.S.C. 1974) (internal cites omitted).

In this case, the Court is concerned that Petitioner may not be in a position to marshal evidence or argument concerning the due-process implications of the obstacles to his access to the record and legal materials. Moreover, despite the Respondent's avowed willingness to cooperate, the fact that he stands opposed to Petitioner in these proceedings makes the Court loath to rely exclusively on information or argumentation he provides.

Courts have recognized that *amici curiae* may properly assist the Court by "making suggestions to the court, . . . and by insuring a complete and plenary presentation of difficult issues so that the court may reach a

6

proper decision . . . ." *Alexander*, 64 F.R.D. at 155. Pursuant to its inherent authority, therefore, the Court appoints Christopher T. Giovinazzo, of the firm Bondourant, Mixson, and Elmore, LLP, as *amicus curiae* for the following purposes:

   (1) Presenting to the Court the scope of petitioner's right to access the record of prior proceedings and legal research materials in the context of this *habeas corpus* proceeding;

   (2) Arguing whether the facilities and access provided by the Respondent and the Georgia Department of Corrections afford the required access;

   (3) If the *amicus* determines that Petitioner has a right of access to the record that the facilities provided are insufficient to satisfy, suggesting to the Court feasible alternatives that would provide Petitioner with the access to the record and legal research materials to which he is entitled.

This case shall remain **STAYED** to permit *amicus* counsel an opportunity to conduct initial inquiries into the questions listed. Mr. Giovinazzo is **DIRECTED** to file a status report no later than January 5, 2022 and present the Court with a proposed schedule for filing of his brief on the above listed issues. The Court wishes to express its

gratitude to Mr. Giovinazzo, and his firm, for his willingness to accept this appointment.

    **SO ORDERED,** this 17th day of November, 2021.

                                      _____
                                      CHRISTOPHER L. RAY
                                    UNITED STATES MAGISTRATE JUDGE
                                    SOUTHERN DISTRICT OF GEORGIA