IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2022 JUN -6  A 10: 02

FRANK JOSEPH SCHWINDLER,
Petitioner,

v.

WARDEN, PHILLIPS STATE PRISON,
Respondent.

CIVIL ACTION NO.   CLERK_____
CV416-189           SO. DIST. OF GA.

HABEAS CORPUS
28 USC § 2254

SCHWINDLER'S REPLY TO RESPONDENT'S
RESPONSE TO RECOMMENDATIONS OF AMICUS CURIAE (DOC. 91)

COMES NOW FRANK JOSEPH SCHWINDLER, petitioner pro se, and submits this reply to respondents' response to recommendations of amicus curiae (Doc. 90), pursuant to the Court's Order (Doc. 91), and shows:

TIMELINESS: Petitioner was served copy of respondent's response on May 25, 2022. This reply is being placed into the prison's mail system the same day. The prison mailbox rule applies.

GENERAL COMMENT: There is one over-riding reality which has been central to every aspect of Schwindler's attempts to challenge his 2000 convictions: the State of Georgia, in its various officers and minions, has no interest in due process or cooperation. Not with Schwindler. Not with the courts. As Hancock County Superior Court Judge, Hon. James L. Cline, Jr. put it in Schwindler's case on November 7, 2007, "Cooperation is not in their vocabulary." Anyone familiar with the

- 1 -

behaviors of an obstinate 3 year old girl stomping her feet, saying "no," can see the same attitude in respondent's response to the recommendations of the amicus curiae. This has persisted for 23 years. It's past time for the courts to say, "enough."

<u>APPOINTMENT OF COUNSEL:</u> The Court HAS the authority to appoint counsel. Respondent appears to ignore the fact that Schwindler has due process rights to do the things necessary to prosecute this case, and that the amicus clearly enunciated the fact that the conditions necessary to justify appointment of counsel exist due to the ongoing de facto obstruction. As noted in Schwindler's previous response, it is unlikely that respondent will ever cooperate sufficiently to permit Schwindler to proceed as needed.

<u>SPECIFIC REPLIES:</u> By numbered paragraph:

¶ 2 - "Amicus report downplays fact Schwindler has access to paper copies." This is false at 2 points. First, amicus reported that Schwindler not only does not have such access - even if he did, the access would be meaningless due to fact that there's no reasonable way to use 15,000 loose pages with no order or organization. Second, in spite of everything which has gone on with this case - including the hearing last year - Schwindler has had NO ACCESS to the records for FIVE YEARS. Respondent's

counsel either does not know the facts [Phillips does not have sufficient staff to man the I.D. property room. Without such staff, Schwindler cannot have access to the records], or counsel labors under the delusion that merely saying Schwindler has access is all that's required. The fact is that the one instance of alleged access occurred solely so as to make a show for the Court prior to last year's hearing. That one instance of access took the prison weeks to arrange, and required a unit manager [assistant deputy warden] to retrieve the files—a process which took 45 minutes.

¶3 - The "facts" here are simply not accurate. CD-ROM #1 has 20 volumes of records from Hancock County case 05-HC-47. Transcripts of hearings on 12/14/06, and 2/8/07, are included. This does NOT include the 11/7/07 transcript, or any part of the Macon or Gwinnett County transcripts, and might not have the 5/20/05 Calhoun County transcript. There are no CD-ROMs containing the Gwinnett County records and transcripts, but if respondent's counsel would follow the rules and produce the complete State habeas record in electronic form, both CD-ROMs #2 and #3 would be included in that record since both were filed in the Gwinnett County record. They are not solely part of the closed § 1983 case, and they were provided in that case for use in the State habeas. Since respondent's

counsel insists on insulting both Schwindler's "beliefs" about the disposition of the paper copies of discs 2 & 3, and the intelligence of Mr. Giovinazzo, Schwindler will clearly state that the paper copies of everything except CD-ROM #1 [The materials provided in August of 2021] are NOT stored in the Phillips I.D. property room. The Court can decide whether they have "been lost or inadvertently destroyed [or eaten by legal-paper eating trolls].

¶ 4 - Warden Ahmed Holt [now assistant commissioner] put into writing his agreement to provide 2 hours per week with access to law library computers, plus 2 hours per week access to the records in the I.D. property room. This agreement was included in the Gwinnett County record, and can be verified by Phillips Officer McGill [who was the property room officer]. [She can also verify the destruction of paper records agreement, and the lack of the paper copies related to CD-ROMs 2 & 3.] One party keeps making false statements to the Court. It's not Schwindler, Footnote 2 is almost completely false. Virtually none of the specific's records cited were ever produced. All of respondent's ¶ 4 is either completely false, or is a misrepresentation.

¶ 5 - SCHWINDLER DOES NOT HAVE ACCESS. HE HAS NOT HAD ACCESS FOR 5 YEARS. EVERY COURT HAS COME TO THIS SAME

- 4 -

CONCLUSION FOR 20 YEARS. The prison SOPs are deliberately vague and subjective. That's why every court has had to continually referee this dispute. Schwindler proposed a solution to the supposed problem of "too much paper." Respondent's response definitively proves Schwindler's contention that respondent - more correctly - the Attorney General's office doesn't want a solution to the de facto obstruction.

¶6 - The SOPs are deliberately vague with subjective criteria. Introducing common sense into the discussion, 2 hours reference [law] library access without access to legal records which are stored else-where is useless. So is the obverse. To paraphrase Judge Cline, this case cannot proceed until the legal records which drive the case travel with Schwindler to the law library. Beyond that, respondent's counsel omitted the salient part of the SOP - that computer use is limited to 30 minutes a week at the law library.

¶7 - The "arrangements" were ALL court ordered. The sole reason for proposing the thumb drive solution was because that's the only viable solution other than appointment of counsel.

¶8 - Neither the amicus, nor Schwindler proposed that he'd redact the pornographic material that the State put into the record. Both proposed that the State should redact this material before providing the new thumb drive. Beyond that, Schwindler

proposed periodic checks of the thumb drive so as to ensure proper usage. Again, Schwindler has no paper copies of any materials, and there'd be no paper copies of anything if the Court follows the recommendations. It's extremely relevant to point out that Schwindler was acquitted of the child pornography charge. 100% of this obscene material was used by the State to poison the well and inflame the juror's minds. Schwindler possessed none of this material. The constant reference by the State to this material is a classic strawman argument.

¶ 9 - Schwindler does not need to execute any attorney/client waivers to possess his own records. Quite frankly it is illegal for the State to have seized the §1983 case thumb drive. The reason for putting everything onto one device is so as to eliminate multiple locations for records. Schwindler's response provided the complete list of what needs to be on the one thumb drive.

¶ 10 - The 3 year old girl is stamping her feet, yelling "no" at the top of her lungs. Listen to the ludicrous reasons for the tantrum: "the device could readily be used as a weapon and pose a danger to Petitioner and other inmates." Either respondent's counsel is stupid, or she thinks the Court is stupid. Anyone with a tiny bit of curiosity can easily obtain the records related to the

- 6 -

extreme violence within the GDC under the current leadership. Not one of the several hundred murders - not one of the thousands of stabbings - and not one of the hundreds of suicides has involved a thumb drive [or CD-ROM]. NOT ONE. Assaults have occurred with homemade knives, electric cords, fan motors, canes, locks tied into socks, cleaning chemicals, heated up magic shave and baby oil, ropes, pieces of broken glass, drugs planted into tobacco or food, fires, and dozens of other methods - but not one thumb drive [or CD-ROM]. STUPID. MENDACIOUS. The "store and collect pornography" comment is equally as silly - especially given Schwindler's proposal related to periodic checks. The statement that "Inmates are not allowed to have thumb drives or DVD's of [sic] CD's in their possession..." is false. The Court is invited to conduct another hearing at which Warden J. Kevin Perry; Deputy Warden Courtney McDay; and Truett McConnell University Phillips Extension Director Dr. Ken Ellis will be examined under oath on this point, and on the question of computers [¶11]. A lie doesn't become true by saying it more often or loudly. There are 9 general population dorms at Phillips. Approximately 10% of those inmates have authorized thumb drives. [Every GDC inmate is authorized to possess 10 CDs.] Approximately 25% of the GP inmates have daily access to computers which use thumb drives, DVDs and CDs. DAILY ACCESS.

-7-

¶ 11 - Once again, respondent's counsel is either misinformed, or is simply continuing the temper tantrum of uncooperation. The notion that respondent will continue holding Schwindler's legal records [on the thumb drives] is a non-starter. The definition of insanity is to keep doing the same things while expecting a different result. Respondent has had Schwindler's legal files for 20 years — and the electronic versions for 9 years... but Schwindler hasn't been able to proceed for most of that time - and not at all for 5 years. Only a crazy person or fool would believe respondents actions will change. Beyond that fact, there are no computers in the Phillips law library able to use thumb drives, and even if there were, Schwindler would be dead and long forgotten before anyone could prepare this case with 30 minutes per week computer time for research and review of the record. Phillips has 10 computers in two GP dorms. 100 inmates [nearly 1/4 of all residents] have access to these computers every day. Phillips has computers for all 30 TMU inmates, for all 50 Charter School inmates, and for all 50 education department inmates. Schwindler provided 5 ways to resolve this problem. None of those proposals was a "wish list" for prison life. Respondent's response is insulting and condescending to Schwindler, Mr. Giovinazzo, and the Court.

CONCLUSION: The Court should over-rule respondent's objections to Mr. Giovinazzo recommendations, and order: (1) respondent to provide one thumbdrive with all of Schwindler's legal materials copied onto that device; (2) direct that all legal pleadings from respondent and the courts be made electronically, with the clerk also returning copies of Schwindler's pleadings electronically, all such filings sent via email to respondent [or designee] for addition to Schwindler's thumb drive [providing a way to verify proper use of the device] (3) direct that the device be kept by Schwindler; and (4) direct that respondent choose one of the 5 proposals for providing access to computer for legal record research and routine work, with standard SOP access to law library computer capable of reading the thumb drive - OR- the Court should appoint counsel. This 25ᵗʰ day of May 2022.

Frank Schwindler
FRANK JOSEPH SCHINDLER
323208 / A2-2B
PHILLIPS STATE PRISON
2989 W. ROCK QUARRY RD
BUFORD, GA 30519-4118

CERTIFICATE OF SERVICE

I certify I've served copy of the withis and foregoing reply on counsel by mailing to Paula K. Smith; Sr. Assistant Attorney General; 40 Capitol Sq. SW; Atlanta, GA 30334. This 25ᵗ day of May 2022.

Frank Schwindler
FRANK JOSEPH SCHWINDLER
323208 / A2-2B
PHILLIPS STATE PRISON
2984 W. ROCK QUARRY RD.
BUFORD, GA 30519-4118

-9-

FRANK SCHWINDLER
323208 / A2-2B
PHILLIPS STATE PRISON
2989 W. ROCK QUARRY RD
BUFORD, GA 30519-4118

MAY 25, 2022

CLERK OF COURT
U.S. DISTRICT COURT
P.O. BOX 1130
AUGUSTA, GA 30903

RE: SCHWINDLER V. WARDEN, CV416-189

DEAR CLERK OF COURT:

PLEASE FILE THE ENCLOSED SCHWINDLER'S REPLY TO RESPONDENT'S RESPONSE TO RECOMMENDATIONS OF AMICUS CURIAE, AND PRESENT TO THE COURT.

VERY RESPECTFULLY

Frank Schwindler

FRANK SCHWINDLER

FRANK SCHWINDLER
323208 / A2-2B
PHILLIPS STATE PRISON
2989 W. ROCK QUARRY RD.
BUFORD, GA 30519-4158

ATLANTA METRO 301

2 JUN 2022    PM 4  L

FOREVER / USA

CLERK OF COURT
U.S. DISTRICT COURT
P.O. BOX 1130
AUGUSTA, GA 30903

30903-113030