UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| FRANK JOSEPH SCHWINDLER, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CV416-189 |
| P.O. AHMED HOLT, Warden, | ) ) | |
| Respondent. | ) ) | |

## ORDER

Currently before the Court are three motions from Petitioner Frank Joseph Schwindler related to his request for court-appointed counsel. *See* docs. 104 & 109. Most relevant, for the reasons discussed more fully below, is his Second Renewed Motion to Appoint Counsel. Doc. 109. Respondent does not oppose the Second Renewed Motion. *See* S.D. Ga. L. Civ. R. 7.5. Since that Motion is **GRANTED**, doc. 109, his request, in the alternative, to reconsider the Court's prior denial of his request for counsel or certify its denial for interlocutory appeal, doc. 104, is **DISMISSED** as moot.

As this Court has explained multiple times, Schwindler has no right to appointed counsel at this stage in his § 2254 proceeding. *See* doc. 75;

1

doc. 87; *see also, e.g., Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). Schwindler, again, does not contend that he is *entitled* to appointed counsel, but requests that the Court exercise its discretionary authority to appoint counsel. *See* doc. 109 at 6-7 (citing 18 U.S.C. § 3006A); *see also* 28 U.S.C. § 2254(h). Such discretionary "appointment of counsel is 'a privilege that is justified only by exceptional circumstances.'" *Adams v. Wilcher*, 2019 WL 2339270, at *1 (S.D. Ga. May 31, 2019) (quoting *McCall v. Cook,* 495 F. App'x 29, 31 (11th Cir. 2012)). As the United States District Court for the Northern District of Florida has summarized: "Taken together with the Habeas Rules, the decisions under section 3006A(a)(2)(B) embody a presumption favoring appointment of counsel for legally unsophisticated prisoners as long as the petition (1) is not frivolous, that is, as long as it survives summary dismissal pursuant to Habeas Rule 4 because it presents a 'triable' issue or includes a 'colorable claim,' and (2) requires further significant or sophisticated factual or legal development." *Joyner v. Jones*, 2018 WL 11267392, at *1 (N.D. Fla. Sept. 27, 2018).

Schwindler's Petition has already been found sufficient to avoid summary dismissal. *See, e.g.,* doc. 77. Schwindler's Second Renewed Motion presents circumstances that the Court agrees "require further significant factual or legal development." Specifically, Schwindler points out that, in 2020, the Georgia Supreme Court reversed the Georgia Court of Appeals opinion affirming his conviction on grounds that implicate the bases for the instant Petition. *See* doc. 109 at 6, 8-9. In *State v. Lane*, the Georgia Supreme Court held that "the proper approach [to ineffective assistance of counsel claims] is to consider collectively the prejudicial effect, if any, of trial court errors, along with the prejudice caused by any deficient performance of counsel." 838 S.E. 2d 808, 815 (Ga. 2020). In reaching that conclusion, the Supreme Court reversed a "rule . . . employed by Georgia appellate courts for more than 40 years," and "overrule[d] [its] prior decisions and those of the Court of Appeals that hold that the prejudicial effect of multiple trial court errors may not be considered cumulatively . . ., and disapprove[d] any decisions with language to that effect . . . ." *Id.* Among those decisions is *Schwindler v. State*, 563 S.E. 2d 154 (2002). *Id.* at 820. The Court expresses no opinion on the significance of that disposition for the instant proceedings.

It is satisfied, however, that determining that significance merits the appointment of counsel.

Accordingly, pursuant to 18 U.S.C. § 3006A(a)(2)(B), the Court appoints attorney Samuel LeCraw Mikell, of the law firm Griffin Durham Tanner & Clarkson, P.O. Box 10244, Savannah, Georgia 31412 to represent Schwindler. To permit Mr. Mikell an opportunity to review this matter and consult with his client, this case is **STAYED** until December 1, 2023. During the pendency of the stay, the parties are **DIRECTED** to confer and, no later than December 1, 2023, file a joint Status Report proposing a schedule, or if they cannot agree their respective proposals, for further proceedings on Respondent's Amended Answer, doc. 78.

**SO ORDERED,** this 5th day of September, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA